# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-106 |
| | ) | |
| JIMMY ALEXANDER PUJOLS, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Defendant Jimmy Alexander Pujols seeks to modify the Protective Order, doc. 61, that the Court entered in this case. Doc. 66. The Government opposes. Doc. 73.[1] In particular, defense counsel requests permission to leave discovery materials with his client, to avoid having to "sit with the Defendant while he combs through each individual [document produced], a painfully slow and time consuming process." Doc. 66 at 1. His proposed solution is to amend the protective order to empower the Assistant United States Attorney to exercise her discretion to allow defendant to "retain discovery materials which do not contain

---

[1] The Court previously directed the parties to confer in an effort to resolve this dispute by agreement. Doc. 69. The Court presumes from the dueling filings that the parties were unable to do so.

any dangerous identifying or compromising information or material." *Id.* at 2.

The Government's response implies that, contrary to defendant's suggestion that much of the discovery material is "mundane," the discovery material "[e]ven if redacted," includes information posing "inherent risks to privacy and safety interests of the parties and persons who are not parties to the litigation." Doc. 73 at 2. Based on those risks, defense counsel's interest in his time being "well spent" is substantially outweighed. *Id.*

The Court might construe the Government's opposition as mooting, rather than opposing, defendant's motion. After all, the modification that defendant seeks would only allow the Assistant United States Attorney to exercise her discretion about which materials might be left in defendant's custody. *See* doc. 66 at 2. Her opposition certainly implies that she has exercised that discretion already and determined that none of the discovery materials are sufficiently innocuous to be left in defendant's custody. Regardless, the Court agrees with the Government that convenience and economy must give way to concerns for physical safety. Accordingly, defendant's motion is **DENIED**. Doc. 66.

**SO ORDERED**, this 13th day of December, 2019.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia